The Honorable Court is now in session. Please be seated. The panel will hear argument in Appeal No. 2007-7163, Moran v. DVA. Mr. Karpman, welcome and nice to see you and hope you're well. Thank you very much, Your Honor. I'm going to please support Mr. Karpman in bearing on behalf of Mr. David Moran. Mr. Moran appeals a decision from the Veterans Court concerning whether or not he did or did not meet the requisite requirement to establish himself as a combat veteran under the provisions of 38 U.S.C. Section 1154B. This Court of Stone recently noted that 1154B says nothing about how combat status is to be determined. That is the question that is presented in this appeal. And specifically, Mr. Moran suggests that service in a combat zone is a prima facie showing of service in combat, but it should be, as a matter of law, sufficient to trigger the statutory provisions of Section 1154B. You're reading combat. I mean, combat is not, right? I am not reading it to require actual participation in combat, but merely that you were in an area in which you could have been subject to combat. Yes, Your Honor. That the phrase used in the statute is engaged in combat. It is not otherwise defined. And the court below rejected Mr. Moran's argument that a 1998 report from the Center of Research, excuse me, Center for Research of Human Records, evidence that his experience in service was sufficient to trigger that provision, must fail. What's to suggest that the phrase engaged in combat should be merely present in the combat zone? Doesn't the statute clear as to what that requires? Well, I don't believe so, Your Honor. As this case is an example of, Mr. Moran was able to establish with the assistance of the Center for Research of Human Records that his unit had, in fact, engaged in combat with the enemy and that his unit was, in fact, subject to rocket and mortar attack, but that they concluded that they could obviously not verify or corroborate the specific assertion of Mr. Moran as to his presence and his specific locale, if you will, in relationship to these rocket and mortar attacks. You are relying on a letter from Mr. Hacknesson? That's correct, Your Honor. That letter says in the very next sentence, it was not uncommon for a veteran to have served in Vietnam without having been rocketed or mortared during the time he served there. So it's not enough, is it, to say that because he served in Vietnam, and Vietnam was considered an area of hostile engagement, that he engaged in combat? Well, the problem that we have here is the disconnect between the fact that if he is a combat veteran, then his lay evidence is sufficient to establish the occurrence. He has described what took place, and it is acknowledged that his MOS was that he was a cook, but they were shooting at him. They were shooting rockets and mortars at the place where he was. He has no way of verifying that fact. That is within the control of the military, and the only thing that he could do was what he did. The question then becomes, is it reasonable to interpret 1154B to require something more than exposure to combat by being in a combat zone? Your argument is contrary to the opinion of Stone. Stone's argument suggests that 1154B not only provides a relaxed standard for combat veterans to prove service connection, but also provides a relaxed standard for a veteran to prove that he engaged in combat. No, it is actually the second part that I am arguing here, and not that it is a relaxed standard, but simply what is the standard? I am suggesting that the standard should be a simple prima facie showing that the person was placed, if you will, in harm's way as a result of his or her military service, and that the evidence in this record should have been sufficient to at least meet that threshold. Not that that should be a reduced evidentiary threshold, but simply that people that were placed by the military in the type of circumstances that Mr. Horan was placed in should in fact get the benefit of 1154B. Any person who served in Vietnam and was within enemy rocket range, within mortar range, would qualify under 1154B, even if there is no evidence that anything was ever fired at them? No specific evidence, that is correct. Just by virtue of the fact that they were located somewhere where they potentially could have been fired upon, do you think that meets the standard of engaged in combat with the enemy? It seems to me that would require something really affirmative. Well, and what the court below relied upon was the notion of participation, and it seems to me that when you start parsing out notions of participation like that, then what you ultimately require is that the veteran must be physically injured, and of course the problem for a sighted... Why would you require physical injury? I can't even see why that would require hand-in-hand combat. I mean, someone flying a plane and missiles are being shot up at them in the plane would certainly be engaged in combat. Hopefully all those missiles would miss, but nonetheless they would be engaged. But the problem then becomes what happens when the pilot says that there was, and there is no other verification that that happened other than the pilot said so. Under the current rule, the veteran's lay statement, the pilot's lay statement is insufficient to trigger that. Yeah, but the problem here is that Mr. Moran says there was, but then there are also lots of statements by him saying that he wasn't, and the court below may have passed something, and we can't review that. I'm not asking for that. What I am asking for is an interpretation of the statute that permits a broader interpretation of engaged in combat than the limited engaged in... Well, simply we have no definition at this point. I mean, part of the problem I'm trying to get at is this, that what you're really trying to do is to re-engage in combat, re-locate the combat zone. Yes. And the trouble for you is that there are a variety of other statutes in this country which specifically use combat zone when they mean combat zone. And when Congress chose not to use the word combat zone, or to use the word engaged in combat, it seems to me it must have meant something different. Well, but the same holds true for the fact that they had at one time in the legislative history had in war, and they changed war to combat. So it obviously broadened the experience from engaged in war to combat, and the problem is that combat is not otherwise defined. And I'm simply suggesting that there needs to be some interpretation of this statute that permits veterans to understand what they need to submit, how they need to establish their status as a combat veteran, other than they physically participated in some act with the enemy. And I don't think it really responded to the problem of different uses. We've got half a dozen other statutory provisions that use combat zone. And by that you're suggesting that if Congress had intended it to be as broad as combat zone, they would have used the term combat zone. And that certainly is an accurate observation. I'm hoisted. Well, given that hoisting, I don't know if there is anything else that I need to comment on at this point. I will await the opportunity to use the balance of my time for rebuttal. Very good. We'll go from the government. Good afternoon, and may it please the Court. I think the Court really boarded exactly on the thrust of the government's argument, which is that Congress used the phrase engage in combat with the enemy on purpose. Instead of using what's stationed in a combat zone, as it has in other portions of the Code, and as it may have considered around 1939, 1940, and 41, when the predecessor, 2154, was passed by Congress in 1941. In fact, as we discussed in the brief, there are multiple other statutes that were considered at the time. Some would choose we're in a combat zone, or in the zone in advance, and things of that nature. And ultimately, Congress chose the more limiting language, engage in combat with the enemy. We certainly don't suggest that if an individual was shot at, that he or she would not engage in combat with the enemy. But, of course, the finding of fact by the Board of Veterans Appeals below was that Mr. Moran's statement is the contrary. That did not happen to him. And, of course, the CURR reports did not provide any support for his allegation that it happened to him. It said, obviously, as Mr. Moore noted, that he may not have actually been subject to it. That you could go on a tour of duty without being subject to an attack. And that certainly is not proven when engaged in combat with the enemy. And, of course, also, it is a factual determination, which is not within the court's jurisdiction to overturn. In essence, Mr. Moran is seeking to have the court create a whole plot, a new definition, in which it would include what a station in the combat zone, how that might be defined. And that cannot be the case. And unless the court has any reasons, any questions, I should say, for these reasons, I do decide that the court will close your case. Thank you. Thank you. Thank you both, counsel. Appreciate you giving us your time. The case is submitted. All rise.